Michael E. DYER et al., Plaintiffs,

v.

Walter HUFF, Chairman, et al.,
Defendants.

Civ. A. No. 72-1238.

United States District Court,
D. South Carolina,
Greenville Division.

Dec. 19, 1973.

John E. Bishop, Greenville, S. C., for plaintiffs.

Ellison D. Smith, IV, Asst. Atty. Gen., Columbia, S. C., for defendants.

FINDINGS OF FACT

CONCLUSIONS OF LAW AND ORDER

CHAPMAN, District Judge.

The plaintiffs are four students at Furman University in Greenville County, South Carolina and brought this action in order to obtain the right to register to vote in Greenville County. The plaintiffs seek to have this declared a class action whereby they would be the representatives of a class composed of college students between the ages of 18

and 21 years, enrolled in colleges and universities in Greenville County, South Carolina, who they contend have been denied the right to vote by the defendants for failure to register them because of their age and status as college students and because of certain alleged arbitrary standards set forth by the Greenville County Registration Board.

The action was filed on October 4, 1972 and in addition to the above relief sought to have the voter registration books for Greenville County kept open for an additional fourteen days in which to register persons falling into the class.

Due to the press of time immediately prior to the general election of 1972, the defendants filed a return and a hearing was held on October 6, 1972 at which time testimony was taken from witnesses for both sides. Thereafter the Court filed an order of October 12, 1972 denying the temporary restraining order and injunction. Thereafter additional witnesses were presented on December 13, 1972. The delay in preparing this final order has been caused by the Court, which did not remember that there were issues still unresolved in view of the contents of the order of October 12.

The plaintiffs contend that they have been denied registration by the defendants using arbitrary, unreasonable and capricious standards to determine residency and that the plaintiff should be allowed to register by simply affirming their intent in writing to become and be citizens and residents of the County of Greenville, South Carolina.

After hearing the testimony, reviewing the record and considering the applicable law the Court makes the following

## FINDINGS OF FACT

1. That the plaintiff Michael Dyer at the time of this action was a 19 year old full time student of Furman University living in a campus dormitory. That the said Dyer came from the State of Ohio, had been registered to vote in Ohio, held a driver's license from the State of Ohio and gave as his permanent address on all college records the home of his parents in Ohio. That he has been at Furman University for one year, his tuition is paid by his parents, he has no job, is carried as income tax deduction by his parents, has made no effort to change his driver's license to South Carolina or qualify for a South Carolina driver's license and has taken no action of any type to demonstrate an intent to become a resident of South Carolina other than his statement that he intended to finish his college education at Furman. Whether he stayed in Greenville County after college depended entirely upon the job market and whether he found a job to his liking. That Michael Dyer was not a resident of Greenville County, South Carolina at the time he attempted to register, was not qualified to register and was not denied any constitutional right by the defendants.

2. The defendant Robert Lynch is a full time student at Furman University, being a member of the junior class and living on campus. He has lived with his family, except during the school year, in Wayne, Pennsylvania and Mentor, Ohio. He owns an automobile which is registered in Pennsylvania, holds a Pennsylvania driver's license, has no local ties to Greenville County common to residency, made no effort to register or vote in the primary elections in Greenville County in 1972, made no attempt to register when the defendants brought the registration books to Furman University and only attempted to register on October 2, 1972 at a hearing held by the Greenville County Voter Registration Board on the appeal of certain Furman students who had been denied registration because of lack of residency. That Lynch has not made any effort to comply with the South Carolina law that requires a resident to apply for a South Carolina driver's license, he intends to stay in Greenville County after completing Furman only if he finds the right job, he was not employed at the time he attempted to register, pays no taxes, other than sales taxes, is carried as a dependent on his parents' income tax return. That Lynch is not a resident of Greenville, South Carolina, was not entitled to reg-

ister or vote in the general election of 1972, has not been denied any constitutional rights by the defendants and could have voted by absentee ballot in his hometown by making application for such absentee ballot.

3. The plaintiff William D. Baker is 18 years of age and has been in Greenville County for one month prior to the bringing of this action. He is a full time student in the freshman class at Furman and resides with his parents in Pensacola, Florida. He is carried as a dependent on his parents' income tax return and his parents pay all of his expenses. He has a Florida driver's license and has made no effort to apply for a South Carolina license. He did not attempt to register until the October 2 meeting to hear the appeals from Furman students and he could have voted absentee in the State of Florida. He has taken no action since coming to Furman University that indicates he intends to become a resident of Greenville County, South Carolina, and he is not a resident of said county. That he has not been denied any constitutional rights by the defendants in failing to register him as a voter in the 1972 general election.

4. That the plaintiff Ann Maners is 20 years of age, a junior at Furman University and lives in the campus dormitory. She is a resident of Rock Hill in York County, South Carolina. Her parents support her, pay her tuition and claim her as an income tax deduction. She has no community ties with Greenville County and could have registered to vote in Rock Hill, South Carolina. She is not employed, is not a resident of Greenville County, has not been denied any constitutional rights by the defendants and was not qualified to register or vote in the general election in Greenville County in 1972.

5. That the defendants are citizens and residents of Greenville County, South Carolina, being the chairman, clerk and members of the Greenville County Voter Registration Board and charged with the responsibility of registering only qualified voters.

6. That a number of other Furman students testified regarding their residency and efforts to register, but their testimony was accumulative and only reinforced the findings by the defendants that the four plaintiffs were not residents and were not qualified to be registered for the 1972 general election.

7. That the Attorney General of South Carolina in a letter dated November 22, 1971 addressed to the State Election Commission outlined the legal requirements of residency as they applied to college students. This letter was careful to point out that the Twenty-Sixth Amendment to the Constitution of the United States allowed citizens 18 years of age and older to vote and that college students, minors and non-minors must be treated as other citizens for voting purposes. This letter was distributed to all county voter registration boards in South Carolina, including that of Greenville County and contained a fair presentation of the law on the question of residency and listed certain questions, eleven in number, which could be used by registration boards in determining and resolving issues of residency. This letter is attached hereto as Exhibit A.

8. That none of the plaintiffs were residents of Greenville County at the time they attempted to register or at the time they brought this action and they are not proper representatives of the class they seek to represent and cannot adequately represent such class or protect and assist the rights of a class sought to be created for the benefit of resident college students.

9. That the standards, procedures and questions used by the defendants are fair and adequate for inquiries which assist in determining the difficult question of residency.

## CONCLUSIONS OF LAW

1. The Court has jurisdiction of this case under 28 U.S.C. § 1343(3) and (4) and under the declaratory judgment provisions of 28 U.S.C. §§ 2201 and 2202.

2. That the request for immediate relief in the form of temporary restraining orders and injunctions was fully dealt with by this Court's order of October 12, 1972 incorporated herein by reference.

3. In the case of Carrington v. Rash 380 U.S. 89, 85 S.Ct. 775, 13 L.Ed.2d 675 (1965) the Supreme Court held that election officials may look behind the mere declaration of residency of a voter to determine the "actual facts and circumstances". The plaintiffs are asking this Court to disregard the plain language of *Carrington* and allow college students to register and vote on a bare written declaration of residency. While accusing the defendants of discriminating against them because they are college students, these very plaintiffs ask the Court to create a special category for college students so as to prevent registration boards from going behind their residency declarations. This the Court cannot and will not do, and the request by the plaintiffs is indicative of their lack of understanding of residency as a requirement for registration and voting.

The County Registration Board is charged with the responsibility of registering only legally qualified persons and it is absolutely necessary that an applicant be a legal resident of the state and county in which he attempts to register. The Board would be derelict in its duty to blindly accept a statement of residency by each applicant. There is nothing wrong or even suspect in registration officials asking college boarding students, whose permanent addresses are outside the county, certain questions to determine residency and their qualifications.

4. The plaintiff cites 42 U.S.C. § 1983 and the "Voting Rights Act of 1965, as amended, 42 U.S.C. § 1973 et seq," and numerous decisions which are not applicable to the present case.

The Twenty-Sixth Amendment to the Constitution of the United States and the various statutes and cases cited by the plaintiffs do not allow a citizen to vote anywhere he desires. Residency is always a prerequisite to registration and voting and these plaintiffs have failed to prove that they are residents of Greenville County, South Carolina.

5. The plaintiffs contend that only students, itinerant farmers and traveling salesmen are required to answer the questions contained in the Attorney General's letter of November 22, 1971, and that the defendants do not uniformly ask each of the eleven questions to each student before determining the issue of residency. The argument that this is conclusive of the absence of an ascertainable standard is unpersuasive. Residency is a mixed question of law and fact and one that has given courts difficulty from the beginning of time. It is doubtful that any court has the wisdom to compose a list of questions which could be used by a registration board in determining every issue of residency that might be presented. Since these questions and the procedures of the defendants are fair, reasonable and adequate to determine residency, they have the approval of the United States Supreme Court in *Carrington* at pages 95 and 96, 85 S.Ct. at page 780:

"The declarations of voters concerning their intent to reside in the State and in a particular county is often not conclusive; election officials may look to the actual facts and circumstances. . . . By statute, Texas deals with particular categories of citizens who, like soldiers, present specialized problems in determining residence. Students at colleges and universities in Texas, patients in hospitals and other institutions within the State, and civilian employees of the United States Government may be as transient as military personnel. But all of them are given at least an opportunity to show the election officials that they are bona fide residents."

At page 96, 85 S.Ct. at page 780:

"We recognize that special problems may be involved in determining whether servicemen have actually acquired a new domicile in a State for franchise purposes. We emphasize that Texas is free to take reasonable and adequate steps, as have other

States, to see that all applicants for the vote actually fulfill the requirements of bona fide residents."

6. This is not a proper action under Rule 23, Federal Rules of Civil Procedure and this Court has already found that the plaintiffs are not the proper representatives of the class they seek to represent. In Manard et al. v. Miller, D.C., 53 F.R.D. 610 (1971 3 Judge Court from Va.) the Court pointed out that the facts and circumstances differ as to each applicant attempting to register to vote, particularly as to matters of residence and domicile, and therefore individual decisions must be made for each case and not as a part of a class action.

The plaintiffs having failed to prove that they are residents of Greenville County, having failed to prove that they are proper representatives of the class they seek to represent, having failed to prove that the questions and methods used by the defendants to determine residency of college students are unreasonable, arbitrary and capricious and not uniformly applied, and having failed to prove that the defendants have deprived them of any right to register, must have their case dismissed.

And it is so ordered.